UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN A. SMITH,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 08-15317

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
VIRGINIA M. MORGAN

**ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION [14],**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13],**
**DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT [10],**
**and**
**DISMISSING THE CASE**

    On December 30, 2008, Dawn Smith ("Plaintiff") filed suit seeking judicial review of a final decision by which the Commissioner of Social Security ("Defendant") disallowed Plaintiff's claims for Disability Insurance Benefits under Title II of the Social Security Act. Plaintiff alleged disability was due to "morbid obesity, recurring right wrist de Quervain's tendonitis, a C6/7 bulge without stenosis or radiculopathy, a history of cervical strain, right scaphoid fracture, possible carpal tunnel syndrome, arthritis of the bilateral knees and probable inferior wall diaphragm attenuation defect." Plaintiff's alleged onset date was October 4, 2004.

    Pursuant to Local Rule 72.1(b)(3), "all cases seeking review of a denial of social security benefits [are] assigned both to a district judge and a magistrate judge." On January 5, 2010, the Magistrate issued a Report and Recommendation ("R&R") [14] recommending that the Court deny Plaintiff's Motion for Summary Judgment [10] and grant Defendant's Motion for Summary Judgment [13]. On January 26, 2010, Plaintiff filed Objections [15] to the Report and Recommendation. Defendant filed a Response [17] to Plaintiff's Objections.

    Those filings are now before the Court.

1

# I. STANDARD OF REVIEW

Judicial review of facts found by the Administrative Law Judge ("ALJ") is limited to an evaluation of whether those findings are supported by substantial evidence and whether the proper legal standards were applied. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). However, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Here, Plaintiff has filed Objections, and the assignments of error are considered below.

# II. PLAINTIFF'S OBJECTIONS

*I. ALJ's Credibility Finding*

In the Report and Recommendation [14], the Magistrate summarizes the ALJ's evaluation of evidence pertaining to Plaintiff's credibility. *See* R&R at 3-7.

In Plaintiff's Objections [15], Plaintiff suggests that "the ALJ does not sufficiently explain the adverse credibility finding as is required by the SSA rules and regulations," and that thus, "the ALJ's findings do not allow for review," making remand appropriate. Pl.'s Obj. at 1.

In Response [17], Defendant identifies the Social Security regulations that require an ALJ to consider a variety of factors in evaluating a claimant's subjective allegations of disability. Def.'s Resp. at 1-2 (citing 20 C.F.R. §§ 404.1529©, 416.929©; SSR 96-97p). Defendant then summarizes

both the Magistrate's analysis of the administrative record, and the record evidence that supports the ALJ's original determination. *Id*. at 2; 2-4.

The Court reviews *de novo* Plaintiff's assignment of error regarding the ALJ's assessment of Plaintiff's credibility. *See* 28 U.S.C. § 636(b)(1). As the Magistrate advised the parties, "[t]he filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections [Plaintiff] might have to this Report and Recommendation." *See* R&R at 12 (citing *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)). Here, it is difficult for the Court to ascertain from Plaintiff's superficial Objections [15] exactly how the ALJ is alleged to have erred in conducting the credibility analysis, or in what respect the Magistrate's review is alleged to be deficient.

The Social Security regulations provide the following language guiding the agency's determination of the extent to which symptoms affect a claimant's capacity to perform basic work activities:

> We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating or nontreating source or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities . . . to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

20 C.F.R. § 416.929(c)(4).

Here, "[a]fter considering the evidence of record," the ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the [listed] reasons." Tr. at 18.

Summarizing, the ALJ found that:

The objective medical evidence does not demonstrate the existence of physical abnormalities which can be expected to result in limitations beyond those set forth

> herein. In making this determination, [the ALJ] considered the claimant's subjective complaints, but finds the claimant's testimony regarding an inability to work was not wholly credible due to significant inconsistencies in the record as a whole. The objective medical evidence does not support a disabling severity of her conditions nor the duration, frequency, or intensity of the symptoms as alleged. The claimant's need for medication or other treatment is not consistent with an inability to work. There are inconsistencies in daily activities, other factors, and medical opinions that do not support a determination of disability.

Tr. at 19. The ALJ then specifically recounted the "inconsistencies in the evidence and the extent to which there are any conflicts between [Plaintiff's] statements and the rest of the evidence, including [Plaintiff's] history, the signs and laboratory findings, and statements by [Plaintiff's] treating and nontreating source[s]." *See* 20 C.F.R. § 416.929(c)(4); *cf.* Tr. at 19-21.

In the absence of more specifically articulated objections from Plaintiff, the Court must agree with the Magistrate that "the ALJ considered appropriate factors including the objective medical evidence and other evidence, such as: [Plaintiff's] medication and treatment, her daily activities, and her work history," and that the ALJ "gave good reasons for finding that Plaintiff's subjective complaints of total disability were not fully credible." *See* R&R at 15, 17. Furthermore, the Court acknowledges that "[s]ince the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Therefore, Plaintiff's objection regarding the ALJ's credibility determination will be **DENIED**.

## II. *ALJ's Treatment of Plaintiff's Testimony*

Plaintiff also states that "[i]f the ALJ had not overlooked the Plaintiff's testimony that is consistent with the treating medical sources, her limitations would preclude substantial gainful activity." Plaintiff does not identify the testimony that she believes the ALJ failed to consider.

This objection does not satisfy the specificity requirement set forth in the Magistrate's Report and Recommendation, and the Court is unable to conduct a meaningful review of Plaintiff's argument. Furthermore, this objection appears to be a reiteration of Plaintiff's objection regarding the ALJ's credibility determination, which has been **DENIED**, above.

## III. **CONCLUSION**

The Court having reviewed the administrative record, the Magistrate's Report and

Recommendation, and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Report and Recommendation [14] of the Magistrate Judge is hereby **ADOPTED**. Plaintiff's Objections [15] thereto are **DENIED**.

Accordingly, Defendant's Motion for Summary Judgment [13] is **GRANTED**, and Plaintiff's Motion for Summary Judgment [10] is **DENIED**.

The case is hereby **DISMISSED**.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: March 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager